476 U.S. 19 (1986)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
v.
FEDERAL LABOR RELATIONS AUTHORITY ET AL.
No. 84-1728.
Supreme Court of United States.
Argued January 22, 1986
Decided April 29, 1986
CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE DISTRICT OF COLUMBIA CIRCUIT
*20 Deputy Solicitor General Kuhl argued the cause for petitioner. On the briefs were Solicitor General Fried, Acting Assistant Attorney General Willard, Deputy Solicitor General Geller, and William Kanter.
Ruth E. Peters argued the cause for respondents. With her on the brief for respondent Federal Labor Relations Authority were Steven H. Svartz, William E. Persina, and Robert J. Englehart. William J. Stone and Mark D. Roth filed a brief for respondent Union.[*]
Briefs of amici curiae urging affirmance were filed for the National Federation of Federal Employees by Patrick J. Riley; and for the National Treasury Employees Union by Lois G. Williams and Elaine D. Kaplan.
PER CURIAM.
We granted certiorari, 472 U. S. 1026 (1985), to consider the question whether a union proposal that would require a federal agency to comply with OMB Circular A-76 (1983) Performance of Commercial Activities, which prescribes guidelines for contracting out by federal agencies, is negotiable under Title VII of the Civil Service Reform Act of 1978, 5 U. S. C. § 7101 et seq.
In the course of contract negotiations with petitioner, the Equal Employment Opportunity Commission (EEOC), respondent American Federation of Government Employees (AFGE) submitted the following proposal:

*21 "The EMPLOYER agrees to comply with OMB Circular A-76 and other applicable laws and regulations concerning contracting out."
The EEOC took the position that this proposal was nonnegotiable under the Civil Service Reform Act (Act) and declined to bargain over it. AFGE then petitioned for review by respondent Federal Labor Relations Authority (FLRA), which is empowered by the Act to "resolv[e] issues relating to the duty to bargain" in the federal sector. 5 U. S. C. § 7105(a)(2)(E).
Before the FLRA, the EEOC's principal contention was that because the proposal concerned contracting out it was inconsistent with the Act's management rights clause, which, in pertinent part, provides that "nothing in [Title VII] shall affect the authority of any management official of any agency  . . . in accordance with applicable laws  . . . to make determinations with respect to contracting out." 5 U. S. C. § 7106(a)(2)(B) (emphasis added). The FLRA rejected this view, ruling that the proposal would not invade management's reserved rights since it would merely "require management to exercise its right to make contracting out determinations in accordance with whatever applicable laws and regulations exist at the time of such action." 10 F. L. R. A. 3 (1982). In the course of rejecting the EEOC's additional argument that the Circular itself forbade negotiation over the proposal, the FLRA went on to explain that even in the absence of AFGE's proposed contract provision "disputes concerning conditions of employment arising in connection with the application of the Circular would be covered by the negotiated grievance procedure." Id., at 5.
A divided panel of the Court of Appeals for the District of Columbia Circuit affirmed the FLRA's decision. 240 U. S. App. D. C. 218, 744 F. 2d 842 (1984). The Court of Appeals found the EEOC's claim that any proposal regarding contracting out was barred by the management rights clause "untenable in light of the plain text of the clause." *22 Id., at 224, 744 F. 2d, at 848. Since management's reserved right was conditioned upon compliance with "applicable laws," and since the proposed contract language "essentially echoes the statutory requirement that contracting-out determinations be made in accordance with applicable laws," the proposal would not affect the EEOC's reserved authority to make contracting-out decisions. Ibid. The Court of Appeals also agreed with the FLRA that under 5 U. S. C. § 7103(a)(9)(C)(ii), which defines "grievance" to include "any claimed violation, misinterpretation, or misapplication of any law, rule, or regulation affecting conditions of employment," an alleged violation of the Circular would be grievable even in the absence of AFGE's proposal. 240 U. S. App. D. C., at 227, 744 F. 2d, at 850. The dissenting judge believed that the proposal was intended to and would place additional constraints on the EEOC's reserved rights with respect to contracting out. Id., at 228, 744 F. 2d, at 852 (MacKinnon, J., dissenting).
In this Court, the EEOC raises three principal arguments in support of its claim that AFGE's proposal is nonnegotiable. First, although it did not so argue to the FLRA or the Court of Appeals, the EEOC now contends that Circular A-76 is not an "applicable la[w]" within the meaning of the management rights clause, and therefore that AFGE's proposal, by requiring compliance with the Circular, would intrude on management's reserved rights. Second, and again for the first time in this Court, the EEOC asserts that an alleged violation of the Circular would not be grievable absent AFGE's proposal because the Circular is not a "law, rule, or regulation" within the meaning of § 7103(a)(9)'s definition of "grievance." Third, the EEOC suggests that the Circular is a "Government-wide rule or regulation" for purposes of 5 U. S. C. § 7117(a)(1), and argues that § 7117(a)(1) excludes such rules or regulations from the scope of the duty to bargain. This argument, too, was never presented to the FLRA.
*23 Whatever their merit, we have concluded that these contentions, which are the linchpins of the EEOC's brief in this Court, are not properly before us. The Act expressly provides that when an aggrieved party seeks judicial review of a final order of the FLRA, "[n]o objection that has not been urged before the Authority, or its designee, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances." 5 U. S. C. § 7123(c). This language is virtually identical to that found in § 10(e) of the National Labor Relations Act, 29 U. S. C. § 160(e), which provides that "[n]o objection that has not been urged before the [National Labor Relations] Board . . . shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances." This Court has interpreted § 10(e) to mean that a Court of Appeals is "without jurisdiction to consider" an issue not raised before the Board if the failure to do so is not excused by extraordinary circumstances. Woelke & Romero Framing, Inc. v. NLRB, 456 U. S. 645, 665-666 (1982). See also Detroit Edison Co. v. NLRB, 440 U. S. 301, 311, n. 10 (1979); May Department Stores Co. v. NLRB, 326 U. S. 376, 386, n. 5 (1945). The Court of Appeals for the District of Columbia Circuit has similarly held that under § 7123(c) review of "issues that an agency never placed before the Authority" is barred absent extraordinary circumstances. Department of Treasury v. FLRA, 227 U. S. App. D. C. 377, 382, 707 F. 2d 574, 579 (1983). See also FLRA v. Social Security Administration, 243 U. S. App. D. C. 338, 342, 753 F. 2d 156, 160-161 (1985). We agree with this interpretation of § 7123(c), which we think is not "waived" simply because the FLRA fails to invoke it. Section 7123(c) speaks to courts, not parties, and its plain language evinces an intent that the FLRA shall pass upon issues arising under the Act, thereby bringing its expertise to bear on the resolution of those issues. We need not decide whether an express waiver by the FLRA would be relevant *24 in determining whether there are "extraordinary circumstances" excusing a party's failure to raise an issue before that agency, for there is no such waiver here. We do, however, reject JUSTICE STEVEN'S theory of implied waiver, which, it should be noted, is not offered as an interpretation of the exception for "extraordinary circumstances." We think that if Congress had meant there to be two exceptions to the bar raised by § 7123(c), instead of one, it would have said so.
Since the EEOC has failed to excuse its failure to raise before the FLRA what now appear to be its principal objections to AFGE's proposal, we decline to consider them. Conceivably, the EEOC's failure to apprise the FLRA of its claim that the Circular is not a "law, rule, or regulation" for purposes of the Act's definition of grievance is attributable to what appears to have been the FLRA's sua sponte injection of the grievability issue into these proceedings in rendering its decision. But at most that might excuse the EEOC's failure to press this claim before the FLRA; it does not excuse the EEOC's failure to raise it at any point in the Court of Appeals. This latter failure was "brought to our attention . . . in respondent's brief in opposition to the petition for certiorari," Oklahoma City v. Tuttle, 471 U. S. 808, 816 (1985), as was the EEOC's failure to raise its claim that the Circular is not an "applicable la[w]." See Brief for FLRA in Opposition 11, n. 8, 17, n. 17. Our normal practice, from which we see no reason to depart on this occasion, is to refrain from addressing issues not raised in the Court of Appeals. See, e. g., FTC v. Grolier, Inc. 462 U. S. 19, 23, n. 6 (1983); Rogers v. Lodge, 458 U. S. 613, 628, n. 10 (1982). Under these circumstances, several central issues on which resolution of the question presented may well turn cannot be reached or resolved. Accordingly, we dismiss the writ of certiorari as improvidently granted.
It is so ordered.
*25 JUSTICE WHITE, dissenting.
Because I agree with JUSTICE STEVENS that the Court should decide the merits of this case, I cannot join the Court's opinion or judgment.
JUSTICE STEVENS, dissenting.
In my opinion the Court should decide the merits of this case. Two federal agencies disagree about the meaning of an important federal statute; it would serve the interests of both to have the disagreement resolved as promptly as possible. To this end, neither agency has suggested that the arguments advanced by the other are not properly before the Court. Since we are now fully advised about the merits, it would be most efficient for us to resolve the issue now rather than to postpone decision until another similar case works its way up through the agency and the Court of Appeals.[1]
The Federal Labor Relations Authority (FLRA) is the agency designated by Congress to enforce the Civil Service Reform Act of 1978, 5 U. S. C. § 7101 et seq. We must therefore presume that the FLRA has a thorough understanding of the provisions of that Act, including § 7123(c).[2] See Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc., 467 U. S. 837, 844-845 (1984). Under that *26 provision, the Authority surely knew that it could have interposed an objection to our consideration of arguments advanced by the Solicitor General on behalf of the EEOC's construction of the statute,[3] but it elected not to take such an approach in this Court.[4] In so doing, it has waived the protection of § 7123(c)  and given its palpable interest in having the merits decided, I believe it has acted wisely in doing so.[5]
*27 On the merits, I am persuaded that Circular A-76 is not one of the "applicable laws" described in 5 U. S. C. § 7106(a) (2)(B) and that requiring compliance with the Circular would intrude on management's reserved rights. Accordingly, I would reverse the judgment of the Court of Appeals.
NOTES
[*] Ronald A. Zumbrun and John H. Findley filed a brief for the Pacific Legal Foundation as amicus curiae urging reversal.
[1] "[R]espondent's argument might have prevailed had it been made to the Court of Appeals. But we do not think that judicial economy is served by invoking [a contemporaneous-objection rule] at this point, after we have granted certiorari and the case has received plenary consideration on the merits. Our decision to grant certiorari represents a commitment of scarce judicial resources with a view to deciding the merits of one or more of the questions presented in the petition. Nonjurisdictional defects of this sort should be brought to our attention no later than in respondent's brief in opposition to the petition for certiorari; if not, we consider it within our discretion to deem the defect waived." Oklahoma City v. Tuttle, 471 U. S. 808, 815-816 (1985).
[2] Section 7123(c) provides that "[n]o objection that has not been urged before the Authority, or its designee, shall be considered by the court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances."
[3] See Brief for FLRA in Opposition 11, n. 8, 17, n. 17.
[4] The Court's "per curiam" opinion implies that its reasons for dismissing the petition for writ of certiorari were "brought to our attention . . . in respondent's brief in opposition to the petition for writ of certiorari." See ante, at 24. If this be true, one can only wonder why the Court decided to grant certiorari. As a matter of fact, however, respondent FLRA's brief in opposition did not even cite § 7123(c) and did not suggest that any of the EEOC's contentions had been waived; it merely made the rhetorical point that a contention that had not been previously advanced would not appear to have much merit.
[5] Because the Court has not called for supplementary briefing on the Authority's ability to waive § 7123(c), its per curiam opinion in this case is the functional equivalent of a summary disposition on this point, a manner of proceeding we customarily reserve for settled issues of law. See Wyrick v. Fields, 459 U. S. 42, 51 (1982) (MARSHALL, J., dissenting); Schweiker v. Hansen, 450 U. S. 785, 791 (1981) (MARSHALL, J., dissenting); R. Stern, E. Gressman, & S. Shapiro, Supreme Court Practice § 5.12, p. 277 (6th ed. 1986). Until today, however, the waivability of § 7123(c) had never been addressed by this Court. (Indeed, § 7123(c) itself has never received an authoritative construction in this tribunal.) The Court nonetheless proceeds on the confident assumption that § 7123(c) should be construed in pari materia with § 10(e) of the National Labor Relations Act, 29 U. S. C. § 160(e), because the language of the former is "virtually identical" to the language of the latter. Ante, at 23. Even accepting the propriety of parallel interpretation  an assumption for which the Court adduces no support in either the Civil Service Reform Act or its legislative history  the § 10(e) cases relied on by the Court do not decide the waiver issue presented by this case. In Woelke & Romero Framing, Inc. v. NLRB, 456 U. S. 645, 665-666 (1982), the Solicitor General offered the § 10(e) defense in his brief in opposition to certiorari, see Brief for National Labor Relations Board in Opposition, O. T. 1981, No. 80-1798, p. 11; in Detroit Edison Co. v. NLRB, 440 U. S. 301, 311-312, n. 10 (1979), he offered it in his brief on the merits in response to an argument raised for the first time in petitioner's brief on the merits, see Brief for Respondent, O. T. 1978, No. 77-968, pp. 17-18; in May Department Stores Co. v. NLRB, 326 U. S. 376, 387, n. 5 (1945), the Court found "the objection . . . sufficient" to "put the Board on notice of the issue now presented." Thus, in none of these cases did this Court honor an objection not relied on by the affected agency. Moreover, all three dispositions are consistent with the practice we announced in Oklahoma City v. Tuttle, 471 U. S., at 816, that "[n]onjurisdictional defects [barring our review] should be brought to our attention no later than in respondent's brief in opposition to the petition for certiorari." Because § 7123(c) does not deprive this Court of subject-matter jurisdiction (indeed, it authorizes waiver in "extraordinary circumstances," see Department of Treasury v. FLRA, 277 U. S. App. D. C. 377, 381-384, 707 F. 2d 574, 578-581 (1983)), I would adhere to the practice we announced in Tuttle and decide the questions presented.

Finally, even if I were persuaded that § 7123(c) is a nonwaivable bar to our consideration of the arguments advanced by the Solicitor General for the first time in the petition for certiorari, I still would not dismiss the writ because the arguments that were properly presented to the Court of Appeals had enough force to convince one judge of that court that the FLRA's construction of the Act is erroneous. The Court does not adequately explain why its conclusion that some arguments cannot be advanced by the EEOC leads to the further conclusion that its entire petition must be dismissed.