949 F.2d 1169
 138 L.R.R.M. (BNA) 3006, 292 U.S.App.D.C. 313
 UNITED STATES DEPARTMENT OF the AIR FORCE, GRIFFISS AIR
FORCE BASE, ROME, NEW YORK, Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
American Federation of Government Employees, Local 2612,
AFL-CIO, Intervenor.
 No. 90-1561.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Sept. 13, 1991.
Decided Dec. 10, 1991.
 
 Petition for Review and Cross-Application for Enforcement of an Order of the Federal Labor Relations Authority.
 Michael S. Raab, Atty., with whom Stuart M. Gerson, Asst. Atty. Gen., and Mark B. Stern, Atty., Dept. of Justice, Washington, D.C., were on the brief, for petitioner. William Kanter, Atty., Dept. of Justice, Washington, D.C., also entered an appearance for petitioner.
 Denise Morelli, Atty., Federal Labor Relations Authority, with whom William E. Persina, Sol., and William R. Tobey, Deputy Sol., Federal Labor Relations Authority, Washington, D.C., were on the brief, for respondent.
 Kevin M. Grile and Mark D. Roth, Washington, D.C., were on the brief for intervenor.
 Before BUCKLEY and WILLIAMS, Circuit Judges, and ALAN D. LOURIE,* Circuit Judge, U.S. Court of Appeals for the Federal Circuit.
 Opinion for the court filed by Circuit Judge BUCKLEY.
 BUCKLEY, Circuit Judge:
 
 
 1
 Petitioner challenges a Federal Labor Relations Authority finding that it had committed an unfair labor practice by failing to negotiate over the impact and implementation of a new policy affecting off-duty employees charged with major traffic offenses at the Griffiss Air Force Base. Such cases had been handled through disciplinary proceedings at the Base. The new policy, however, called for their referral to a United States Magistrate's Court for prosecution. Because of substantial evidence in the record supporting the FLRA's decision, we affirm.
 
 I. BACKGROUND
 
 2
 The Federal Service Labor-Management Relations Act, 5 U.S.C. §§ 7101-7135 (1988) ("Act"), allows federal employees to organize, and it mandates good faith collective bargaining by the government. Bargaining must occur over "conditions of employment," id. § 7102(2), but not over the exercise of "management rights," id. § 7106, unless their exercise affects conditions of employment. Id. If it does, the Agency must bargain over the impact and implementation of the policy change. See id. § 7106(b)(2)-(3); see also American Fed'n of Gov't Employees, SSA Council 220 v. FLRA, 840 F.2d 925, 927 (D.C.Cir.1988). "Conditions of employment" are defined as:
 
 
 3
 personnel policies, practices, and matters, whether established by rule, regulation, or otherwise, affecting working conditions[.]
 
 
 4
 5 U.S.C. § 7103(a)(14). The Federal Labor Relations Authority ("FLRA" or "Authority") administers the Act, including the investigation and adjudication of unfair labor practice charges. The Act makes it an unfair labor practice to "interfere with, restrain, or coerce any employee in the exercise by the employee of any right under [the Act,]" id. § 7116(a)(1), or to "refuse to consult or negotiate in good faith with a labor organization as required by [the Act]." Id. § 7116(a)(5).
 
 
 5
 In 1982, the Department of the Air Force adopted a regulation allowing base commanders to dispose of civilian employees' "petty offenses," such as traffic violations, in one of two ways: (1) through the disciplinary and administrative authority of the commander; or (2) referral to a United States Magistrate for trial. Air Force Regulation 110-15 (1982). The second option may be employed if "other means (such as suspending base driving privileges, disciplinary action under civilian personnel regulations ...) ... have been considered and found not adequate or not appropriate." Id.
 
 
 6
 Until early 1987, Griffiss Air Force Base authorities ("Griffiss") handled all such infractions through internal disciplinary procedures, whether committed during or after work hours. The base commander decided, in February of that year, to shift policies and refer all petty offenses (but not minor traffic offenses) committed on the base, either during on-duty or off-duty hours, to the United States Magistrate's Court in Syracuse, New York, which is forty-two miles from Griffiss. Any employees cited to the civil authorities would remain subject to internal disciplinary procedures. The prosecutions before the Magistrate's Court would be handled by Air Force attorneys who would be deputized as special assistant United States Attorneys.
 
 
 7
 Immediately after adoption of the policy, the cases of two off-duty employees charged with driving under the influence of alcohol were referred to the Magistrate's Court. One employee challenged the charge. As a consequence, he missed one day of training to attend his arraignment in Syracuse and used portions of his annual leave for all of his court appearances and to consult with his attorney.
 
 
 8
 After implementation of the new policy, Griffiss notified the union representing the base employees ("Union") of the charge, sought written comments by April 15, 1987, and stated that the policy would become effective on April 20. In response to a request by the Union, the parties agreed to a meeting where they discussed the effects of the policy on on-duty employees. Griffiss, however, refused to address its application to off-duty conduct. The Union and Griffiss examined the rationale behind the policy for on-duty offenses, and the Union raised a variety of objections. Griffiss rejected all comments from the Union and allowed the policy to take effect. The Union filed an unfair labor charge against Griffiss on May 1, 1987.
 
 
 9
 After a full hearing, the Administrative Law Judge ("ALJ") found that although Griffiss had exercised a management right in deciding to change the policy, its decision would effect a change in the conditions of employment and was therefore subject to the duty to bargain over the policy's impact and implementation with respect to both on-duty and off-duty traffic violations. U.S. Dep't of the Air Force Griffiss Air Force Base Rome, New York and AFGE Local 2612, AFL-CIO, 37 FLRA (No. 43) 570, 592-95. As to the latter, the ALJ held that the Air Force had violated the Act by applying the new policy to off-duty traffic violations before the Union had been notified and by failing to negotiate over its impact and implementation. Id. at 595. He found, however, that the Air Force had met its notice and bargaining obligations with respect to the policy's application to on-duty violations. Id. at 597-98. The ALJ ordered the Air Force to rescind the policy as applied to off-duty offenses and to reimburse employees prosecuted under the policy for the legal and other expenses incurred in appearing before the Magistrate. Id. at 598-99.
 
 
 10
 The FLRA affirmed the ALJ's decision, finding that the policy involved a condition of employment even as applied to misconduct by off-duty employees. Id. at 575-76. The Authority applied the two-step analysis it adopted in Antilles Consolidated Education Ass'n and Antilles Consolidated Sch. Sys., 22 FLRA (No. 23) 235 (1986) (and accepted by this court, see, e.g., American Fed'n of Gov't Employees, AFL-CIO Local 2094 v. FLRA, 833 F.2d 1037, 1043 (D.C.Cir.1987)), to the question of whether a management proposal falls within "conditions of employment." Under Antilles, a matter becomes a condition of employment if: (1) it pertains to bargaining unit employees; and (2) evidence in the record establishes a "direct connection between the proposal and the work situation or employment relationship of bargaining unit employees." 22 FLRA at 237.
 
 
 11
 The Authority found a direct connection to the work situation in two respects: First, evidence in the record established that the policy would cause employees to expend annual leave time to travel to Syracuse, appear before the Magistrate, and prepare for trial, Griffiss Air Force Base, 37 FLRA at 576; and second, the policy potentially could affect the manner in which Griffiss disciplined its employees under its internal system. Id. at 576-77. The FLRA inferred from the facts that the results of the federal trial might be used to determine the administrative penalty imposed on off-duty employees, although neither party introduced specific evidence on this point except for the fact that Air Force lawyers would prosecute the offenses. Id. The Authority also adjusted the remedy by removing the order to make the employees whole for their legal and related expenses. Id. at 580-82. The Union did not appeal the ALJ's finding regarding on-duty employees.
 
 II. DISCUSSION
 A. Standard of Review
 
 12
 This court grants broad deference to decisions of the Authority. See American Fed'n of Gov't Employees, Local 2761, AFL-CIO v. FLRA, 866 F.2d 1443, 1446 (D.C.Cir.1989) ("It is well established that the court's role in reviewing the FLRA's negotiability determinations is narrow."). Congress intended that the FLRA develop specialized expertise in the field of labor-management relations and use it in "applying the general provisions of the Act to the complexities of federal labor relations." Bureau of Alcohol, Tobacco & Firearms v. FLRA, 464 U.S. 89, 97, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983) (quotation mark omitted). Accordingly, "a negotiability decision will be upheld if the FLRA's construction of the Act is reasonably defensible." Overseas Educ. Ass'n, Inc. v. FLRA, 827 F.2d 814, 816 (D.C.Cir.1987) (quotation marks omitted).
 
 
 13
 The Act provides that decisions of the Authority are to be reviewed under the standards of the Administrative Procedure Act. 5 U.S.C. § 7123(c) (1988). We will reverse if a decision is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," id. § 706(2)(A), or if it represents "an unexplained departure from prior agency determinations." American Fed'n of Gov't Employees Local 2761 v. FLRA, 866 F.2d at 1446. Factual findings are affirmed if supported by substantial evidence. See IRS v. FLRA, 671 F.2d 560, 563 (D.C.Cir.1982).
 
 B. Negotiability of the Policy Change
 
 14
 Griffiss does not contend that the change in policy is outside the first prong of the Antilles test. The policy clearly pertains to bargaining unit employees. Its challenge centers on the second prong of Antilles. Griffiss argues that policies affecting off-duty activities do not touch conditions of employment within the meaning of the statute except in rare circumstances not present here. Griffiss further argues that, even if some nexus can be shown between its policy towards off-duty traffic violations and conditions of employment, the Authority has not demonstrated the existence of the direct connection required by Antilles.
 
 
 15
 The FLRA denies that our case law and its own precedents establish a broad rule excluding employer policies affecting off-duty conduct from the Act's coverage. We agree with the Authority. We have made clear that the focus of our inquiry is on the reasonableness of the Authority's interpretation of the phrase "conditions of employment" and not the application of an absolute preclusion of bargaining over matters affecting off-duty conduct only. In Department of Defense v. FLRA, 685 F.2d 641 (D.C.Cir.1982), we upheld a determination by the FLRA that a change in policy governing the registration of private vehicles to obtain duty-free status by civilians at an overseas military base affected conditions of employment because "possession of a duty-free vehicle ... was attendant on employment by the Army, and [because] an employee's failure to comply with the regulations could result in sanctions[.]" Id. at 647. We noted that the term "conditions of employment" is "not a model of precision--no doubt purposely so," id., and if a broad reading of the definition is reasonable, we will affirm "even if a court could conceivably come out the other way on de novo review of the issue." Id. at 648.
 
 
 16
 The FLRA's finding here is consistent with our prior decisions applying the "direct connection" test. For example, in American Fed'n of Gov't Employees, Local 2761 v. FLRA, 866 F.2d 1443, we granted a petition for review of a decision of the Authority that found no duty to bargain over the cancellation of an annual employee picnic. The picnic was scheduled on a work day, and employees were released from their duties to attend. A dispute arose between management and the union over management's decision to require employees not coming to the picnic to remain at their posts. The Center cancelled the picnic in response to employee protests. The FLRA found no direct relationship between the work situation and the picnic because the picnic was essentially a recreational activity. Id. at 1446.
 
 
 17
 We reversed. We noted that the picnic was held at the place of employment, that attendance involved an adjustment to working hours, that the employer paid for the picnic, and that the picnic was used to present employee awards and otherwise improve employee-management relations. Those facts established an explicit link between the picnic and the work conditions and satisfied the Antilles test. Id. at 1448-49.
 
 
 18
 The FLRA's determination is also consistent with its own precedent. In U.S. Dep't of Health and Human Services, Social Sec. Admin. and AFGE Nat'l Council of SSA Field Office Locals, Council 220, 37 FLRA (No. 73) 880, 887-88 (1990), the Authority held that an agency could not terminate a subscription to The Federal Times for the employee lunch room without bargaining because the paper included information relevant to employee rights and benefits. Even though employees could read it only during break periods, the FLRA found that its availability had an effect on work conditions. Similarly, in AFGE, AFL-CIO and Air Force Logistics Command, Wright-Patterson Air Force Base, Ohio, 2 FLRA (No. 77) 604 (1980), aff'd on other issues, Department of Defense v. FLRA, 659 F.2d 1140 (D.C.Cir.1981), cert. denied sub nom. American Fed'n of Gov't Employees, AFL-CIO v. FLRA, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982), a duty to bargain was found to exist over a union proposal that an Air Force base set aside space for a day care facility. The proposal pertained to conditions of employment because the availability of day care would reduce tardiness and absenteeism.
 
 
 19
 Given our deferential standard of review, the Authority's finding that a "direct connection" exists is on firm ground. Prior to the change, Griffiss administratively sanctioned off-duty employees who committed traffic offenses on the base. Under the new policy, such employees must travel to Syracuse and appear in federal court during working hours. This requires them to take time from annual leave. As noted above, one employee referred to a Magistrate used annual leave time and missed training to make court appearances. There is no reason to suspect that his experience is atypical. As in AFGE, Local 2761, where the cancellation of the annual picnic had the effect of denying employees two hours of work day recreation a year and ended a traditional morale-boosting activity, the impact on conditions of employment here is neither remote nor speculative. Thus, we find no cause to disturb the Authority's decision in this case.
 
 
 20
 We note, however, that the FLRA's finding that a direct connection is also established by the putative effect of the policy on employee disciplinary proceedings at the base is not supported by substantial evidence in the record. The Authority found it "reasonable to assume" that base officials would use the results of proceedings before a magistrate as a basis for internal disciplinary actions because employees would remain subject to internal administrative sanctions, and base lawyers would prosecute the cases. Griffiss Air Force Base, 37 FLRA at 577. This "reasonable assumption" is not enough. The Authority must point to evidence in the record establishing this link. The record evidence, in fact, indicates that in one of the two cases referred to the Magistrate, the employee received an official admonishment prior to the resolution of his criminal case. Id. at 572.
 
 
 21
 Griffiss also seeks relief from the remedy imposed by the FLRA: a status quo ante order mandating cessation of the policy as it applies to off-duty offenses until Griffiss provides notice to the collective bargaining unit and an opportunity to bargain over the implementation of the policy. Id. at 582-83. Griffiss argues that the order conflicts with its own statutory obligation to report to the Attorney General any "information, allegation or complaint" regarding violations of Title 18 of the United States Code by a government employee. See 28 U.S.C. § 535(b) (1988). Griffiss claims that a status quo ante remedy should not force an agency to take an action that is illegal. See United States Dep't of Justice, INS, El Paso Dist. Office and AFGE, Local 1210, 34 FLRA (No. 166) 1035, 1048 (1990).
 
 
 22
 Griffiss did not raise this question below. Under the Act,
 
 
 23
 [n]o objection that has not been urged before the Authority, or its designee, shall be considered by the [reviewing] court, unless the failure or neglect to urge the objection is excused because of extraordinary circumstances.
 
 
 24
 5 U.S.C. § 7123(c) (1988). See also EEOC v. FLRA, 476 U.S. 19, 22-23, 106 S.Ct. 1678, 1680, 90 L.Ed.2d 19 (1986). The only extraordinary circumstance suggested here is that Griffiss "was unaware of 28 U.S.C. 535(b)" when the case was before the Authority. Such an argument does not survive its assertion. We therefore decline to alter the remedy imposed by the Authority.
 
 
 25
 The Authority, however, may wish to review its order to ensure that it will not force Griffiss to violate section 535(b). The Authority notes that the statute allows an agency to ignore the reporting requirement at the direction of the Attorney General "with respect to a specified class of information, allegation, or complaint." See 28 U.S.C. § 535(b)(2). There is no indication in the record that the Attorney General has granted permission for the Air Force's policy allowing bases to retain control of driving offenses. This would seem relevant to any re-examination the Authority may undertake.
 
 III. CONCLUSION
 
 26
 The FLRA did not err in finding a duty to bargain over the impact and implementation of the referral policy as applied to off-duty offenses. Accordingly, the Air Force's petition for review is denied, and the Authority's order is enforced.
 
 
 27
 So ordered.
 
 
 
 *
 Sitting by designation pursuant to 28 U.S.C. § 291(a)