962 F.2d 1066
 140 L.R.R.M. (BNA) 2337, 295 U.S.App.D.C. 274
 UNITED STATES DEPARTMENT OF the NAVY, United States Marine
Corps, Washington, D.C., Petitioner,
v.
FEDERAL LABOR RELATIONS AUTHORITY, Respondent,
American Federation of Government Employees, Council of
Marine Corps Locals (C-240), Intervenor.
 No. 91-1182.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Jan. 24, 1992.
Decided May 8, 1992.
 
 Petition for Review of an Order of the Federal Labor Relations Authority.
 Malcolm L. Stewart, Atty., Dept. of Justice, with whom Stuart M. Gerson, Asst. Atty. Gen., and Mark B. Stern, Atty., were on the brief, for petitioner. William Kanter, Atty., Dept. of Justice, also entered an appearance, for petitioner.
 William R. Tobey, Deputy Sol., Federal Labor Relations Authority, with whom William E. Persina, Sol., and James H. Adams, Atty., entered appearances, for respondent. Denise Morelli, Atty., Federal Labor Relations Authority, also entered an appearance, for respondent.
 Stuart A. Kirsch and Mark D. Roth, were on the brief, for intervenor.
 Before MIKVA, Chief Judge, RUTH BADER GINSBURG and RANDOLPH, Circuit Judges.
 Opinion for the court filed by Circuit Judge RANDOLPH.
 RANDOLPH, Circuit Judge:
 
 
 1
 The Marine Corps required some of its civilian employees to carry electronic paging devices, or "beepers," while they were off-duty and to telephone the base when paged. During negotiations over a national master labor agreement, the union representing these employees, the American Federation of Government Employees, Council of Marine Locals, requested bargaining about whether "[e]mployees will not be required to carry or respond to 'beepers' unless they are in a duty and pay status." The Marine Corps refused to bargain. The union appealed to the Federal Labor Relations Authority, which found the proposal negotiable. American Fed'n of Gov't Employees, Council of Marine Corps Locals (C-240), 39 F.L.R.A. (No. 67) 773 (1991). The Marine Corps now petitions for review of that decision; the Authority applies for enforcement of its bargaining order.
 
 
 2
 The Corps' basic argument is this. A federal employer is not required to bargain over a union's proposal affecting conditions of employment when the proposal, if put into place, would interfere with those management rights set out in 5 U.S.C. § 7106(a). Among the rights the statute reserved to management is the right "to assign work" (id. § 7106(a)(2)(B)), that is, "the right to determine what work will be done, and by whom and when it is to be done," National Treasury Employees Union v. FLRA, 691 F.2d 553, 563 (D.C.Cir.1982). The Corps wants employees to carry beepers during off-duty hours in order to enhance its ability to recall workers during emergencies. Calling employees by telephone is not as effective. They may not be at home or their lines may be busy. Therefore, the beeper requirement "protects," is "integral to," and "ensures" the Marine Corps' ability to exercise its management right to recall workers and assign work. Brief for Petitioner at 14, 19. On the other hand, requiring the Corps to bargain over the union's proposal that off-duty employees be compensated for carrying beepers--with the consequent possibility that a settlement could be imposed if bargaining reaches an impasse, see Department of Defense v. FLRA, 659 F.2d 1140, 1146 (D.C.Cir.1981), cert. denied, 455 U.S. 945, 102 S.Ct. 1443, 71 L.Ed.2d 658 (1982)--would "seriously impair," "substantially interfere[ ]" with and "severely burden" this management right of the Corps. Brief for Petitioner at 25, 28.
 
 
 3
 The argument fails, so the Federal Labor Relations Authority ruled, principally because the union's proposal concerns only compensation. Giving the Authority the deference due its decisions construing the scope of the duty to bargain, we sustain its ruling. Bureau of Alcohol, Tobacco & Firearms v. FLRA, 464 U.S. 89, 96-98 & n. 8, 104 S.Ct. 439, 443-444 & n. 8, 78 L.Ed.2d 195 (1983). The union is not asking to bargain about whether employees should be required to carry beepers; it wants to negotiate about whether employees carrying beepers at the Marine Corps' behest ought to get paid. The § 7106(a) right "to assign" work does not generally include ordering those who are not on paid status to perform tasks for their employer. This is the gist of the Authority's decision in United States Department of Agriculture, Animal & Plant Health Inspection Service, 38 F.L.R.A. (No. 102) 1291 (1991), on which it relied in this case. AFGE, Council of Marine Corps Locals, 39 F.L.R.A. at 781. It is undisputed that the Corps alone may decide who to recall to work and when. The Authority, in other cases, has recognized as much. See, e.g., Veterans Admin. Staff Nurses Council, Local 5032, 29 F.L.R.A. 849, 861 (1987). But the union's proposal, if accepted or imposed, would not deprive the Marine Corps of its options in this respect: the Corps could still require beepers and decide which employees among those carrying the devices (and being paid for doing so) it wished to recall. What the union's proposal affects here is the cost to the Corps of implementing its prerogatives through these means. The case is therefore unlike American Federation of Government Employees, Local 644, 40 F.L.R.A. (No. 65) 831 (1991), holding non-negotiable a union proposal to allow the on-duty use of beepers only on a voluntary basis.
 
 
 4
 As far as compensation is concerned, the Corps argues that 5 C.F.R. § 551.431 precludes it from agreeing to pay employees for carrying beepers. This is partly true. The regulation distinguishes between off-duty employees who are on standby status and those who are on-call. Standby employees are entitled to compensation; on-call employees are not. To be considered on standby status, there must be significant restrictions placed on the employee's activities. The Corps' beepers, to be effective, do restrict employees. Signals, broadcast from radio transmitters mounted on towers, have a range of only 20 miles or so. But requiring employees carrying beepers to stay within the range of the transmitters apparently is not enough of a restriction to place them into the standby category. See 5 C.F.R. § 551.431(b)(1). So, the argument continues, the Corps could not compensate employees for carrying beepers and responding to pages--if that were all the Corps required of them. If incorporated in a collective bargaining agreement, the union's proposal would present the Corps with but two options: place more restrictions on these employees, such as requiring them "to remain in a state of readiness" while they are at home (id. § 551.431(a)(2)(iii)), thereby qualifying them for standby pay status; or drop the beeper plan altogether.
 
 
 5
 The Authority's response is that under the regulation the Corps has rather wide discretion to designate which employees it wishes to place in standby status, a point the Corps does not deny. AFGE, Council of Marine Corps Locals, 39 F.L.R.A. at 781. There is thus no impediment to the Corps' imposing on employees carrying beepers whatever additional restrictions are needed to qualify them for compensation. Those restrictions would presumably enhance, rather than detract from, the Corps' ability to get workers back to the job in short order. As the Authority concluded, 5 C.F.R. § 551.431 does not bar the Corps from agreeing to the union's proposal. It simply makes the beeper program more costly for the Corps and more onerous, but more lucrative, for the Corps' employees.
 
 
 6
 As to the effect of increasing the cost of the beeper program, one sentence in the Corps' brief asserts that the economic burden would be "substantial." Brief for Petitioner at 27. Even if this were a valid point, but see American Fed'n of Gov't Employees v. FLRA, 785 F.2d 333, 338 (D.C.Cir.1986) (per curiam), the Corps has not backed it up with any supporting data. The Authority explains why. The Corps never raised this objection in the administrative proceedings. We therefore would not consider it in any event. EEOC v. FLRA, 476 U.S. 19, 23-24, 106 S.Ct. 1678, 1680-1681, 90 L.Ed.2d 19 (1986) (per curiam).
 
 
 7
 The decision of the Authority that the union's proposal was subject to collective bargaining is enforced and the Corps' petition for review is denied.