PANAMA CANAL COMMISSION, Petitioner,

v.

FEDERAL LABOR RELATIONS AUTHORITY, Respondent.

No. 87–4629

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 17, 1989.

Howard S. Scher, William Kanter, Appellate Staff, Civil Div., Washington, D.C., for petitioner.

Elsa D. Newman, William E. Persina, Acting Sol., Susan Berk, Office of Sol., Federal Labor Relations Authority, Washington, D.C., for respondent.

Frank E. Hamilton, III, Frank E. Hamilton, Jr., Hamilton & Dougals, Tampa, Fla., for Intern. Organization of Masters, Mates and Pilots.

Judith D. Galat, Mark D. Roth, Washington, D.C., for amicus curiae American Federation of Government Employees.

Before CLARK, Chief Judge, JOHNSON and JOLLY, Circuit Judges.

JOHNSON, Circuit Judge:

The Panama Canal Commission petitions for review of a decision of the Federal Labor Relations Authority dismissing the appeal by the International Organization of Masters, Mates and Pilots regarding an allegedly nonnegotiable provision of a collective bargaining agreement. For the reasons cited herein, we grant the petition for review, vacate the order complained of and deny enforcement, and remand the case to the FLRA to consider the issues presented by the order complained of on their merits.

## I. FACTS AND PROCEDURAL HISTORY

The Panama Canal Commission (the "agency") and the International Organization of Masters, Mates and Pilots (the "union") were engaged in negotiating a collective bargaining agreement when an impasse in the negotiations arose. Pursuant to 5 U.S.C. § 7119(b)(1), the union sought the intervention of the Federal Service Impasses Panel (the "panel") in order to resolve the stalemate. Relying on the provisions of 5 U.S.C. § 7119(c)(5)(A)(ii), the panel appointed one of its members, Mr. Robert G. Howlett (Howlett) to serve as arbitrator-mediator. Implicit in the appointment was Howlett's authority to mediate the dispute and issue a binding decision as an arbitrator of any unresolved issues. Howlett ultimately issued an interest award which required the union and the agency to adopt certain provisions in the final collective bargaining agreement.[1] Among those provisions was a provision that addressed matters which the agency later contended were nonnegotiable. It is that allegedly nonnegotiable provision which forms the basis of this appeal.[2]

1. 84 F.S.I.P. 73.

2. The provision was contested by the agency because it dealt specifically with an incentive bonus system and thus interfered with the right to assign work and direct employees. The provision reads as follows:

There will be a total of three thousand (3,000) hours of official time per contract year available for use by Organization representatives. Official times not utilized in a given contract year may not be carried forward to the next contract year. In order that two (2) Organization representatives, who are employees of the Panama Canal Commission, may schedule representational activities in a manner that meets the needs of the parties, the Commission agrees to grant sixteen (16) hours of official time per week to each representative (which shall be deducted from the aforesaid three thousand [3,000] hours) and shall credit each representative with three (3) assign-

The agency did not file an exception to the allegedly nonnegotiable provision with the Federal Labor Relations Authority (the "FLRA") pursuant to 5 U.S.C. § 7122. Rather, the agency head, pursuant to 5 U.S.C. § 7114(c) which allows for agency head review of collective bargaining agreements, disapproved the provision contending that it involved a nonnegotiable matter under 5 U.S.C. § 7106(a). Thereafter, the union, pursuant to 5 U.S.C. § 7105(a)(2)(E), filed a negotiability appeal with the FLRA challenging the agency head's disapproval of the allegedly nonnegotiable provision. Concluding that section 7114(c) does not empower agency heads to review provisions that are directed to be included in an agreement as a consequence of an interest arbitration award, the FLRA dismissed the union's appeal. In dismissing the appeal, the FLRA reiterated its earlier determination that the appropriate mechanism for challenging the propriety of an interest arbitration award is governed by 5 U.S.C. § 7122 which provides for review only through exceptions filed with the FLRA.[3] The agency subsequently petitioned for review of the FLRA's dismissal order pursuant to 5 U.S.C. § 7123(a) which provides for review by the United States Court of Appeals of final orders of the FLRA involving questions of negotiability.

## II. DISCUSSION

The issue on this appeal is whether an interest award issued by a designee of the Impasses Panel is reviewable only by exception filed with the FLRA. More specifically, the question is whether the provision ordered by Howlett, which the agency contends is nonnegotiable, is a binding part of the final collective bargaining agreement not reviewable by the agency head. The FLRA takes the position that action by the full Impasses Panel is subject to agency head approval, while action by the Panel's designee is binding and not subject to agency head approval. If the action by the Panel's designee is, in fact, binding, then

review is only possible through exceptions filed with the FLRA. In the instant case, the FLRA contends that the Impasses Panel, by delegation of its duty to Howlett, had foreclosed agency head review which would have normally been available had the full panel acted to resolve the stalemated negotiations. In support of its contentions, the FLRA necessarily argues that Howlett's arbitration of the impasse between the agency and the union was final and binding as an interest arbitration award.

Final orders of the FLRA are judicially reviewable under 5 U.S.C. § 7123(a). An exception arises where there is an award by an arbitrator under section 7122 unless that award implicates unfair labor practices. This Court, pursuant to 5 U.S.C. § 706, reviews the decisions of the FLRA to determine whether a particular decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. Moreover, where the construction by the FLRA of a statute with ambiguous provisions is involved, our review is limited to a determination of whether the FLRA's interpretation is premised upon a permissible construction of the statute in question. *See Chevron, U.S.A. v. Natural Res. Def. Council,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). While the FLRA is accorded considerable deference in its application of the Civil Service Reform Act to federal labor relations, we are constrained not to "slip into a judicial inertia which results in the unauthorized assumption by an agency of major policy decision properly made by Congress." *Bureau of Alcohol, Tobacco & Firearms v. FLRA,* 464 U.S. 89, 97, 104 S.Ct. 439, 444, 78 L.Ed.2d 195 (1983).

 As the Fourth Circuit correctly concluded in *Department of Defense Dependents Schools v. F.L.R.A.,* 852 F.2d 779 (4th Cir.1988), the resolution of the instant controversy is found in the language of section 7119(b)(1) and (b)(2). These two

---

ments per pay period for the purpose of PI-LOT ADDITIONAL COMPENSATION. (The disputed portion of the provision appears underlined.)

**3.** Department of Defense Dependents Schools (Alexandria, Virginia), 28 F.L.R.A. (no. 72) 387 (June 24, 1987).

sections, which are decidedly in the disjunctive, furnish remedies to an agency head who encounters an impasse during the negotiation of a collective bargaining agreement. The two sections read as follows:

> (b) If voluntary arrangements, including the services of the Federal Mediation and Conciliation Service or any other third-party mediation, fail to resolve a negotiation impasse—
>
> (1) *either party* may request the Federal Service Impasses Panel to consider the matter, *or*
>
> (2) the *parties* may agree to adopt a procedure for binding arbitration of the negotiation impasse, but only if the procedure is approved by the Panel.

5 U.S.C. § 7119(b)(1) & (b)(2) (emphasis supplied). Thus, an agency head, upon encountering an impasse during negotiations, may agree to arbitration under section (b)(2). Alternatively, an agency head in such a situation might choose to invoke section (b)(1) and refer the stalemated negotiations to the Federal Services Impasse Panel for consideration. As is stated above, if *both* parties agree to arbitration under section (b)(2), then the resulting arbitration award is reviewable by the FLRA under section 7122 but is not subject to agency head review. On the other hand, if the agency head chooses to invoke the provisions of section (b)(1) and refers the impasse to the Impasses Panel, he does not waive his right to review, even if the Panel imposes binding contract terms under section 7119(c)(5)(B)(iii). Likewise in the latter instance, the agency head does not forfeit the right to judicial review of a decision of the FLRA rejecting the agency head's disapproval of an agreement under section 7114(c). To conclude otherwise, as the FLRA has done, would be tantamount to the ex parte imposition of a final and binding arbitral award on an agency head without the opportunity of review under section 7114(c)—a result which we are persuaded that neither the language of the statute nor the relevant legislative history supports.

The language of the statute itself fails to validate the FLRA's interpretation of its provisions. As the Fourth Circuit correctly observed, there is "[n]othing in the statute [which] gives the Impasses Panel the authority to impose without consent upon an agency head final and binding arbitration not subject to agency head review under § 7114(c)." *Department of Defense Dependents Schools,* 852 F.2d 779, 785. Moreover, the legislative history confirms that sections 7119(b)(1) and 7119(b)(2) are in the alternative. A reading of H.R. Conf.Rep. 95–1717, Oct. 5, 1978, p. 158, U.S.Code Cong. & Admin.News 1978, pp. 2723, 2892, compels such a conclusion. The report reads in pertinent part as follows:

> House subsection 7119(b) states after voluntary arrangements prove unsuccessful, the parties *may agree* to a procedure for binding arbitration, *rather* than to require the services of the federal service Impasses Panel, "but only if the procedure is approved by the panel."

(emphasis added). It therefore becomes apparent that arbitration is binding under the statutory scheme if, and only if, both parties "agree to adopt a procedure for binding arbitration of the negotiation impasse...." 5 U.S.C. § 7119(b)(2). Thus, we find that the FLRA's decision is based on an erroneous interpretation of the relevant statutory provisions and is not in accord with the law. *See Chevron, U.S.A. v. Natural Res. Def. Council, supra.*

## III. CONCLUSION

For the aforementioned reasons, we conclude that the FLRA's refusal to consider the provision imposed by Howlett as designee of the Impasses Panel was unjustified. Consequently, we grant the petition for review, vacate the order complained of and deny its enforcement, and remand the case to the FLRA to consider the issues presented by the order complained of on their merits. In so doing, we deny the FLRA's motion to dismiss the appeal as moot.[4]

---

4. The FLRA has moved to dismiss the appeal

contending that the agency lacked standing as

an aggrieved party under section 7123(a) and therefore could not pursue an appeal to this Court. We find the FLRA's arguments in that regard unpersuasive.