**DEFENSE LOGISTICS AGENCY, Defense General Supply Center, Richmond, Virginia, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

No. 87–3880.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1989.

Decided Aug. 14, 1989.

---

Scott Ramsey McIntosh (John R. Bolton, Asst. Atty. Gen., William Kanter, Appellate Staff, Civil Div., Dept. of Justice, on brief), for petitioner.

William Reed Tobey (William E. Persina, Acting Sol., Arthur A. Horowitz, Associate Sol., Elsa D. Newman, Federal Labor Relations Authority, on brief), for respondent.

Before ERVIN, Chief Judge, and WIDENER and MURNAGHAN, Circuit Judges.

WIDENER, Circuit Judge:

This case comes to us on petition for review, and cross application for enforcement, of a Federal Labor Relations Authority order which held that the Defense Logistics Agency had committed an unfair labor practice by failing to implement a collective bargaining term imposed by the deputy executive director of the Federal Service Impasses Panel. We view this case as indistinguishable from *Department of Defense Dependents Schools v. FLRA*, 852 F.2d 779 (4th Cir.1988) (hereinafter *DODDS)*, and, therefore, we vacate the order, deny enforcement and remand the case to the FLRA for further proceedings consistent with this opinion.

The Federal Service Labor–Management Act, 5 U.S.C. 7101 *et seq.*, establishes a legal framework for collective bargaining between federal agencies and unions representing federal employees. When an agency and its employees reach an impasse in negotiating a collective bargaining agreement, the parties may agree to submit the dispute to binding arbitration (interest arbitration) under 5 U.S.C. § 7119(b)(2), or either party may request the Federal Services Impasses Panel to consider the matter under 5 U.S.C. § 7119(b)(1). The Impasses Panel may seek voluntary resolution of the impasse or it may take whatever action is necessary to resolve the case, including imposing collective bargaining agreement terms on the parties. 5 U.S.C. § 7119(c)(5)(A) & (B).

Collective bargaining terms imposed by the panel must not be contrary to the Act, however. 5 U.S.C. § 7119(c)(5)(B)(iii). Under the Act, federal employees may bargain collectively over "conditions of employment." 5 U.S.C. § 7102(2). An agency's duty to bargain does not extend to proposals which are inconsistent with federal law or government-wide rule or regulation, or an agency rule or regulation for which there is a compelling need. 5 U.S.C. § 7117(a)(1)–(3). Because of this, an agency head has the statutory authority under 5 U.S.C. § 7114(c) to review all collective bargaining agreements, including those provisions imposed by the Impasses Panel, to assure that the agreements are not contrary to federal law or applicable regulations.

If an agency head objects to a contract term[1] imposed by interest arbitration entered into by agreement under § 7119(b)(2), he can file an exception to the arbitration award under 5 U.S.C. § 7122 and have review of the award by the Authority and further judicial review under § 7123 if the award involved an unfair labor practice under § 7118. There is no mechanism, however, for direct administrative review of a decision of the Impasses Panel. If an agency head objects to a decision of the Impasses Panel, he may refuse to implement it. This refusal is then reviewable by the Authority upon an appeal by the union under 5 U.S.C. § 7117(c) or an unfair labor practice proceeding under 5 U.S.C. § 7116(a).

In *DODDS,* the Department of Defense Dependents Schools and a teachers' union came to an impasse in negotiating a collective bargaining agreement. 852 F.2d at 781. After mediation failed to produce an agreement, the union sought the assistance of the Impasses Panel. That panel referred the matter to its chairman "for mediation-arbitration," giving him the authority to mediate the disputed issues and, if necessary, to issue a binding decision on any provisions of the agreement that remained unresolved. *Id.*

Ultimately, the chairman imposed only two contract provisions. *Id.* The department head disapproved of the two provisions, however, and refused to implement them. *Id.* at 782. The union then filed unfair labor practice charges against the department with the FLRA. An administrative law judge ruled that the department head was correct in refusing to implement one of the provisions, but must implement the other. On review, the FLRA determined that the Impasses Panel, by delegation of its duty to a single member, had foreclosed agency review of the imposed

provisions. *Id.* The FLRA concluded that because the Impasses Panel had ordered the parties to engage in what it called "mediation-arbitration" with its chairman acting as arbitrator that his decision should be treated as an interest arbitration award and not as a decision of the full Impasses Panel. *Id.* Since an interest arbitration award could be attacked only by filing exceptions to the award under 5 U.S.C. § 7122, and was not subject to collateral attack in an unfair labor practice proceeding, the Authority refused to consider the merits of the agency's position.

On petition for review, a panel of this court held that a designee of the Impasses Panel could have no greater authority than the panel has under its authorizing statute. *DODDS,* 852 F.2d at 784. The court stated that the designee's decision should be treated as a decision of the full panel and not as a binding arbitration award. Thus, the designee's decision was subject to agency head review under § 7114(c) and to collateral attack in the subsequent unfair labor practices case. To hold otherwise, the court reasoned, would have allowed the panel to impose binding interest arbitration on a federal agency without its consent and foreclose agency head review of imposed contract provisions in contravention of the intention of Congress. *Id.* at 785. Accord: *Department of Defense, Office of Dependents Schools v. FLRA,* 879 F.2d 1220 (4th Cir., 1989); *Panama Canal Commission v. FLRA,* 867 F.2d 905, 907 (5th Cir.1989). Both of these decisions followed *DODDS,* 852 F.2d 779, as authoritative.[2]

This case presents a similar factual background. Here, the impasse in bargaining developed between the Defense Logistics Agency and Local 2047 of the American Federation of Government Employees, which represents a group of employees at the agency's Richmond, Va., facility. The agency and the union, as § 7119(b)(1) of the

---

1. With certain exceptions relating to 5 U.S.C. §§ 4303 and 7512 not pertinent here.

2. In a case on the same subject but on different facts, growing out of what began as a union request for consideration by the Impasses Panel, the Ninth Circuit, in the case of *Department of Agriculture, Food and Nutrition Service, Western*

*Region v. FLRA,* 879 F.2d 655 (9th Cir.1989), held that when the agency head "agreed to binding arbitration," he forfeited his right to approve or disapprove the contract terms. The opinion described the agreement of the agency head to be that "... the dispute be submitted to the arbitrator for a final and binding decision." At 661. No such agreement exists here.

statute permits, each requested the Impasses Panel to consider the impasse. On recommendation of that panel, the parties agreed to refer the dispute to the panel's deputy executive director for what the panel called "mediation-arbitration" as in *DODDS.* As was the case in *DODDS,* the panel designee was given the authority to attempt to resolve the impasse by mediation or, if necessary, by imposing contract provisions on the parties.

Following mediation by the deputy, the sole unresolved issue was a union proposal to require disclosure of certain benchmarks used in merit promotion procedures. The deputy imposed a contract provision which, in part, encompassed the union's proposal. The agency, however, declined to comply with the executive director's decision because it believed the provision was contrary to government-wide personnel regulations.

The FLRA's general counsel filed an unfair labor practices complaint against the agency for failing to implement the provision. Like the complaint in *DODDS,* the complaint against the agency accused it of violating 5 U.S.C. § 7116(a)(6) by failing or refusing to cooperate in impasse procedures and impasse decisions as required by the Act. See *DODDS,* 852 F.2d at 782.

An administrative law judge dismissed the complaint, upholding the agency's challenge to the imposed provision as being contrary to government-wide regulations. The FLRA's general counsel filed an exception to the ALJ's decision with the FLRA, and the FLRA reversed the decision of the ALJ. It held that the agency's failure to implement the provision was an unfair labor practice and ordered the agency to implement the provision. The FLRA concluded, as in *DODDS,* that the deputy executive director's action was not a final action of the Impasses Panel, but instead amounted to an interest arbitration award under 5 U.S.C. § 7122. As such, the decision could be challenged only by filing exceptions to the award under § 7122 and could not be attacked collaterally in an unfair labor practice proceeding. The agency petitioned this court for review of the FLRA's order pursuant to 5 U.S.C.

§ 7123(a); the FLRA filed a cross-petition for enforcement.

The FLRA argues that we should distinguish this case from *DODDS* because in this case the agency was not compelled to refer its labor dispute to a member of the panel, but instead the agency agreed to do so pursuant to the panel's recommendation. We do not, however, see this, or any other distinction raised by the FLRA, as significant. Each of the parties in this case requested the Impasses Panel to consider the impasse as "either" was permitted to do under § 7119(b)(1). There was no agreement "for binding arbitration" as required by § 7119(b)(2). If the parties had wanted to engage in binding arbitration they were more than aware of the correct procedure for doing so.

Not only did the parties to this labor dispute treat the deputy's decision as the equivalent of an action by the full panel, but perhaps just as persuasive is that the FLRA itself initially treated the action as a panel decision. The general counsel's complaint charged the agency with failing to implement an "impasse decision" under 5 U.S.C. § 7116(a)(6); it did not charge the agency with failing to implement an interest arbitration award. The FLRA changed its position when it reviewed the ALJ's decision upholding the agency's action.

On these grounds, we vacate the FLRA's order, deny enforcement and remand the case to the FLRA for consideration of the agency's position on its merits.

PETITION FOR REVIEW GRANTED, ENFORCEMENT DENIED, AND REMANDED WITH INSTRUCTIONS.