**DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE, WESTERN REGION, Petitioner,**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent.**

**No. 87–7425.**

United States Court of Appeals, Ninth Circuit.

Feb. 7, 1990.

Howard S. Scher, Asst. U.S. Atty., Dept. of Justice, Appellate Staff Civ. Div., Washington, D.C., for petitioner.

Elsa D. Newman, Federal Labor Relations Authority, Washington, D.C., for respondent.

Judith D. Galat and Mark D. Roth, American Federation of Government Employees, AFL–CIO, Washington, D.C., for amicus.

Before CHOY, CANBY, and TROTT, Circuit Judges.

CANBY, Circuit Judge:

The Department of Agriculture petitioned for rehearing of our decision in this case, *Department of Agriculture v. FLRA*, 879 F.2d 655 (9th Cir.1989). The Federal Labor Relations Authority filed a response. The Department has moved for

leave to file a reply; we grant the motion and order the reply filed.

After reviewing these documents and the briefs and record previously submitted to us, we grant the Department's petition for rehearing, and vacate Part V of our prior opinion and its mandate. For reasons that follow, we grant the Department's original petition for review of the decision of the Authority, vacate that decision, and remand the matter to the Authority for further proceedings.

In our prior decision, we agreed with the ruling of the Fourth Circuit in *Department of Defense Dependents Schools v. FLRA*, 852 F.2d 779 (4th Cir.1988) (*DODDS*), that where the Impasses Panel orders an agency into interest arbitration without its consent, the agency head retains the right to review the resulting collective bargaining agreement under 5 U.S.C. § 7114(c). We held, however, that in the present case the *DODDS* ruling was inapplicable because the agency had voluntarily agreed to interest arbitration. *Department of Agriculture*, 879 F.2d at 661–62. In so ruling, we relied in part on dictum in *DODDS* to the effect that when the parties freely agree to interest arbitration under 5 U.S.C. § 7119(b)(2), the agency head forfeits his right to review the resulting collective bargaining agreement under § 7114(c). *DODDS*, 852 F.2d at 785.

On reflection, however, we now agree that we improperly upheld the ruling of the Authority on a rationale different from that relied upon by the Authority itself. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87–88, 63 S.Ct. 454, 459, 87 L.Ed. 626 (1943).

The decision of the Authority in this case was handed down before the Fourth Circuit decided *DODDS*. Indeed, the Authority relied on its decision in *Department of Defense Dependents Schools*, 27 F.L.R.A. No. 72 (1987), which was reversed in *DODDS*. The view of the Authority that was rejected in *DODDS* was that an agency head had no right to review, under § 7114(c), a collective bargaining agreement resulting from *any* interest arbitration, whether the arbitration was entered by agreement or was imposed by the Impasses Panel without the consent of the agency. This same view was clearly the Authority's basis for decision of the case before us. In its opinion, the Authority relied not only on its ruling in *Department of Defense Dependents Schools*, but also on two other of its decisions holding an agency head to be without power to review collective bargaining agreements resulting from interest arbitration *directed by* the Impasses Panel: *American Fed'n of Gov't Employees, AFL–CIO*, 27 F.L.R.A. No. 104 (1987); *International Organization of Masters, Mates & Pilots and Panama Canal Comm'n*, 27 F.L.R.A. No. 105, *rev'd sub nom. Panama Canal Comm'n v. FLRA*, 867 F.2d 905, 907 (5th Cir.1989).

■ The Fourth and Fifth Circuits have now clearly rejected the Authority's position that an agency head retains no right to review a collective bargaining agreement arising from interest arbitration imposed by the Panel without the consent of the agency. *DODDS, supra; Defense Logistics Agency v. FLRA*, 882 F.2d 104, 106 & n. 2 (4th Cir.1989); *Panama Canal Comm'n v. FLRA*, 867 F.2d 905, 907 (5th Cir.1989). We accept these decisions, both because we tend to agree with them and because we have no desire to create a conflict among the circuits. It follows that we cannot accept *in toto* the Authority's rationale in support of the decision before us.

■ In our previous decision in this case, however, we held that the *DODDS* rule was not applicable because the arbitration before us was the result of an agreement of the parties to arbitrate, and an agency head had no right to review under § 7114(c) in those circumstances. *Department of Agriculture*, 879 F.2d at 661–62. In reaching that holding, we exceeded our proper role in reviewing an administrative decision, in two respects. First, the factual issue of consent was not ruled upon by the Authority because, under its view of the law that has since been rejected by the Fourth and Fifth Circuits and now by us, consent was irrelevant. Second, and more important, our ruling decided a question of

statutory interpretation that had not been directly addressed by the Authority. That question may be phrased as follows: Now that it is clear that an agency head retains the right to review a collective bargaining agreement resulting from interest arbitration imposed on the agency without its consent, does the agency head forfeit the right of review when the parties agree to interest arbitration pursuant to the Panel's recommendation after one party requests the Panel's assistance under § 7119(b)(1)? This question of law, and of the law's application to the complexities of federal labor relations, is one for the Authority to answer in the first instance, and we are required to defer to the Authority's construction of the Act if it is reasoned and supportable. *American Fed'n of Gover't Employees, Local 2986 v. FLRA,* 775 F.2d 1022, 1025 (9th Cir.1985). We should not have proceeded to answer the question ourselves.

Accordingly, we grant the Department's petition for review. We vacate the decision of the Authority because it was erroneously based on the Authority's view that an agency head had no right to review, under § 7114(c), a collective bargaining agreement resulting from *any* interest arbitration, whether or not imposed upon an agency without its consent. We remand the matter to the Authority so that, in the course of such further proceedings as it deems appropriate, it may determine the proper disposition of this case under a rationale that does not conflict with the holding in *DODDS.*

PETITION FOR REHEARING GRANTED; PRIOR OPINION VACATED IN PART; PRIOR MANDATE VACATED. PETITION FOR REVIEW GRANTED; DECISION OF AUTHORITY VACATED; CASE REMANDED.