**Maria Conception PACHECO,**
**Petitioner,**

v.

**IMMIGRATION AND**
**NATURALIZATION SERVICE,**
**Respondent.**

No. 98–71241.
I & NS No. A 94–160–935.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 11, 2000.

Submission Deferred Oct. 13, 2000.

Resubmitted Nov. 14, 2000.

Decided Feb. 27, 2001.

Before TASHIMA and TALLMAN, Circuit Judges, and ALSUP, District Judge.*

MEMORANDUM **

I.

Maria Pacheco's lawful residence in the United States was predicated on her Temporary Protected Status ("TPS") as a Salvadoran alien pursuant to § 303 of the

* The Honorable William Alsup, United States District Judge for the Northern District of California, sitting by designation.

1990 Immigration Act. *See* Immigration Act of 1990, Pub.L. No. 101–649, § 303, 104 Stat. 4978, 5036 (1990) (*reprinted* at 8 U.S.C. § 1254a (notes)). Section 303 required that Salvadoran aliens who wished to travel abroad first obtain advance parole from the Attorney General. *See* § 303(c)(2), (4). Pacheco failed to obtain such parole when, on September 3, 1992, she left for El Salvador to visit her dying mother and to arrange for the care of her three minor children. As a result, she did not present a valid reentry document pursuant to § 303 upon her return to the U.S. The INS then initiated exclusion proceedings.

II.

In the proceedings before the Immigration Judge ("IJ"), Pacheco admitted excludability, but argued that she should have been readmitted in her original TPS status because § 303, as applied to her, violated her constitutional right to equal protection. Lacking jurisdiction over the constitutional claim, the IJ refused to entertain that argument and ordered her excluded for failure to obtain the proper reentry document (advance parole). She appealed to the Board of Immigration Appeals ("BIA"), which dismissed her appeal. It held that her "status d[id] not allow her to travel outside the United States without proper documents or a grant of advance parole, regardless of the nature of her departure." The BIA cited only to § 303 as authority to support this holding.

III.

For the first time on appeal, the INS argued, correctly, that § 303 could not

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36–3.

have been applied to Pacheco because § 303 expired on June 30, 1992, more than two months before her departure.[1] Thus, § 303 could not serve as the basis for Pacheco's exclusion. Instead, the INS should have applied the procedures established under the Deferred Enforcement Departure ("DED") program, administratively promulgated by the INS at the direction of the President after the expiration of § 303.

We cannot review the BIA's decision on any basis other than that expressly relied on by the agency. *See SEC v. Chenery Corp.*, 318 U.S. 80, 87, 63 S.Ct. 454, 87 L.Ed. 626 (1943) ("The grounds upon which an administrative order must be judged are those upon which the record discloses its action was based."); *Dep't of Agriculture v. FLRA*, 895 F.2d 1239, 1240–41 (9th Cir.1990) (noting that we cannot "decide[ ] a question of statutory interpretation that had not been directly addressed" by the agency). Because the BIA did not consider the effect of the DED program on Pacheco's status, we must vacate the BIA's decision and remand the matter so that the BIA can determine whether Pacheco's status as a DED recipient allowed her to travel outside the United States without a grant of advance parole or other proper documents.

Accordingly, the petition for review is GRANTED, the BIA's decision is VACATED, and the matter is REMANDED to the BIA for further proceedings.

---

1. This contention was raised for the first time at oral argument, after which we called for supplemental briefing on the issue.

